# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| ROBERT B. BROWN, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:17-cv-00698-O |
| § | |
| EXACTECH, INC., and § | |
| EXACTECH US, INC., § | |
| § | |
| Defendants. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendant's Motion to Transfer Venue (ECF No. 17), filed September 27, 2017. United States District Judge Reed O'Connor referred this motion to the undersigned for determination or recommendation by Order entered December 5, 2017. ECF No. 28. After consideration of the pleadings and the applicable law, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Defendant's Motion to Transfer Venue.

## BACKGROUND

Plaintiff Robert B. Brown ("Brown") brings a number of products liability claims against Defendants Exactech, Inc., and Exactech US, Inc. (collectively, "Exactech"). ECF No. 1 at 1. He asserts his claims for relief as a result of injuries suffered from an allegedly defective hip replacement system, the "AcuMatch M-Series Femoral Stem Component" (the "Device"). *Id.* Exactech manufactured and distributed the Device, which Dr. Brian Covino implanted in Brown during a total hip arthroplasty procedure on September 14, 2001. *Id.* at 3, 10. According to Brown's Complaint, the Device broke in half while Brown was exiting his vehicle on June 5, 2016. ECF No. 1 at 11; *but see* ECF No. 21 at 3 (in which Brown asserts that he was hospitalized due to his injury on May 30, 2016). He was admitted to Baylor Scott & White All Saints Medical Center in

Fort Worth, where he had a total hip revision surgery. *Id.*; No. 17 at 4. Brown has possession of the broken Device. ECF No. 1 at 11.

Brown brought this lawsuit against Exactech in the Northern District of Texas, Fort Worth Division. ECF No. 1. Brown is currently a resident of Maryville, Blount County, Tennessee, though he was a resident of Forth Worth when the Device broke. *Id.* at 2. Both Exactech, Inc., and Exactech US, Inc., are resident corporations of Florida, where they have their principal places of business. *Id.* Exactech has moved to transfer this case to either the Eastern District of Tennessee or the Northern District of Florida under 28 U.S.C. § 1404, contending that venue is more appropriate in either of those locations. ECF No. 17 at 1. Exactech argues within its Motion that Tennessee state substantive law applies. *Id.* at 16. Brown submits in response that a transfer of venue may be appropriate, but he argues that the transferee court should apply Texas state law, rather than that of Tennessee, to his case. ECF No. 21 at 1–2.

## LEGAL STANDARD AND ANALYSIS

A district court may transfer any civil case "[f]or the convenience of the parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought. . . ." 28 U.S.C. § 1404(a). Such a transfer is not a transfer between forums but between venues. *In re Volkswagen of Am. Inc.*, 545 F.3d 304, 308 n.2 (5th Cir. 2008) (en banc).

The Court must first determine whether the suit could have been properly brought in the Eastern District of Tennessee or the Northern District of Florida. "A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated. . . ." 28 U.S.C. § 1391(a). For venue purposes, a defendant corporation is deemed to reside "in any judicial district in which such defendant is subject to the court's personal

jurisdiction with respect to the civil action in question." *Id.* § 1391(c)(2). Venue is proper in the Eastern District of Tennessee, both because Exactech is subject to suit in Tennessee and is thus deemed a resident of Tennessee, satisfying 28 U.S.C. § 1391(a)(1), and because a substantial part of the events giving rise to the claim occurred in Tennessee, satisfying 28 U.S.C. § 1391(a)(2). Venue is also proper in the Northern District of Florida, both because Exactech is a resident of Florida, satisfying 28 U.S.C. § 1391(a)(1), and because a substantial part of the events giving rise to the claim occurred in Florida, satisfying 28 U.S.C. § 1391(a)(2).

The party moving for transfer of venue bears the burden of proving by a preponderance of the evidence that transfer is appropriate. *Bank One, N.A. v. Euro-Alamo Investments, Inc.*, 211 F. Supp. 2d 808, 812 (N.D. Tex. 2002) (Fitzwater, J.). "This requires a particularized showing regarding why transfer is necessary, including identification of key witnesses and the general content of their testimony." *Id.* The moving party has the burden in reflection of "the appropriate deference to which the plaintiff's choice of venue is entitled." *In re Volkswagen of Am.*, 545 F.3d at 315. The plaintiff's choice of venue is also "a factor to be considered but in and of itself it is neither conclusive nor determinative." *In re Horseshoe Entm't*, 337 F.3d 429, 434–35 (5th Cir. 2003). The weight accorded the choice of venue is diminished where the plaintiff brings suit outside his home forum. *Santellano v. The City of Goldthwaite*, 3:10-CV-2533-D, 2011 WL 1429080, at *2 (N.D. Tex. Apr. 14, 2011) (Fitzwater, J.) (citing *Alexander & Alexander, Inc. v. Donald F. Muldoon & Co.*, 685 F. Supp. 346, 349 (S.D.N.Y. 1988)); *see also TransFirst Group, Inc. v. Magliarditi*, 237 F. Supp. 3d 444, 459 (N.D. Tex. 2017) (Lindsay, J.). Brown brings this suit outside his home venue of Tennessee, so his choice of venue carries less weight.

When considering a motion to transfer venue, a district court must consider a number of private and public interest factors, "none of which can be said to be of dispositive weight." *In re Volkswagen of Am.*, 545 F.3d at 315 (quoting *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358

3

F.3d 337, 340 (5th Cir. 2004)). The private factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id*. Courts sometimes include in the private interest factors three additional factors: "(5) the place of the alleged wrong; (6) the possibility of delay and prejudice if the case is transferred; and (7) the plaintiff's right to choose its forum." *See DataTreasury Corp. v. First Data Corp.*, 243 F. Supp. 2d 591, 593 (N.D. Tex. 2003) (Kaplan, M.J.); *Spiegelberg v. Collegiate Licensing Co.*, 402 F. Supp. 2d 786, 792 (S.D. Tex. 2005). However, the last of these factors, the plaintiff's right to choose its forum, is not an independent factor but instead relates to the burden of proof. *In re Volkswagen of Am.*, 545 F.3d at 314 n.10.

The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* at 315. The undersigned notes that Brown does not put forward any arguments on the public or private interest factors, except to argue that Texas substantive law should apply to his case, in opposition to Exactech's argument on the third public interest factor. ECF Nos. 21 at 1–2 and 17 at 16.

**I.     The private interest factors favor transfer to Tennessee.**

Of the private interest factors, three weigh in favor of transfer to Tennessee, two weigh in favor of transfer to Florida, and two are neutral.

**A.     Relative ease of access to sources of proof favors transfer to Florida or to Tennessee.**

Exactech argues that the majority of evidence is located either in Florida or Tennessee, and little in Texas. ECF No. 17 at 8. Florida is where Exactech is physically located and where the

4

documents related to the Device's "design, development, testing, manufacture, packaging, labeling, marketing, distribution, and sale" are located. *Id.* Tennessee is where proof related to the implantation of the Device is located, as well as the device itself, which is in Brown's possession. *Id.* Texas is where proof related to damages arising from Brown's revisionary hip surgery and rehabilitation is located. *Id.*; No. 1 at 11. All three locations contain sources of proof important to the resolution of this matter, and the party moving for transfer of venue bears the burden of proving by a preponderance of the evidence that transfer is appropriate. *See Bank One*, 211 F. Supp. 2d at 812. Although Texas is the location of some of the evidence concerning prior medical expenses and damages, it would appear that Florida or Tennessee is the location of the majority of the other evidence at issue in the case. This factor favors transfer to Florida or to Tennessee.

**B.      The availability of compulsory process to secure the attendance of witnesses favors transfer to Tennessee.**

This factor favors transfer when the transferee venue has absolute subpoena power over a greater number of non-party witnesses than the current venue does. *Internet Mach. LLC v. Alienware Corp.*, No. 6:10-CV-023, 2011 WL 2292961, at *6 (E.D. Tex. June 7, 2011). A district court may compel attendance of a non-party witness through subpoena if he or she lives within the district or if the proceedings are "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1).

Exactech argues that there is one nonparty witness, Dr. Brian Covino, who may require a subpoena to testify. ECF No. 17 at 10. Dr. Covino implanted the Device in Brown and thus has knowledge of importance to this suit. *Id.* Dr. Covino practices in Tennessee and is subject to subpoena there, but not in Texas. *Id.* Exactech also argues that its employees, presumably located in Florida, have "potentially significant information . . . bearing on Plaintiff's claims." *Id.* However, Exactech does not name any employees, state what specific information they have, or

provide proof of where they are subject to compulsory process. *See id.* As the only nonparty witness is subject to subpoena in Tennessee, this factor favors transfer to Tennessee.

### C. The cost of attendance for willing witnesses slightly favors transfer to Tennessee.

"The convenience of the witnesses is often regarded as the most important factor to be considered in deciding whether to transfer venue." *The Whistler Group, Inc. v. PNI Corp.*, CIV.A.3:03-CV-1536-G, 2003 WL 22939214, at *3 (N.D. Tex. Dec. 5, 2003) (Fish, C.J.). "Of the witnesses, the convenience of the non-party witnesses is accorded the greatest weight." *Id.*

As with the last factor, the only witness that the parties name is non-party witness Dr. Covino, who practices in Tennessee. ECF No. 17 at 11. The Fifth Circuit has set a 100-mile threshold for convenience to witnesses, after which "the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *In re Volkswagen of Am.*, 545 F.3d 304 at 317 (citing *In re Volkswagen AG*, 371 F.3d 201, 204–05 (5th Cir. 2004)). Neither party has made any showing of particular inconvenience to a witness beyond geographical distance. *See Raz Imports, Inc. v. Luminara Worldwide, LLC*, 3:15-CV-02223-M, 2015 WL 6692107, at *6 (N.D. Tex. Nov. 3, 2015). As there is one witness for whom Tennessee will be more convenient than Fort Worth, this factor slightly favors transfer.

### D. All other practical problems that make trial of a case easy, expeditious and inexpensive is neutral.

In its brief, Exactech places its arguments in this section regarding the place of the alleged wrong, the possibility of delay and prejudice if the case is transferred, and the plaintiff's right to choose its forum. ECF No. 17 at 12–14. However, courts generally consider these arguments as separate factors. *See DataTreasury Corp.*, 243 F. Supp. 2d at 593; *Spiegelberg*, 402 F. Supp. 2d at 792. As there are no additional arguments put forward by the parties concerning this factor, it is neutral.

### E. The place of the alleged wrong favors transfer to Florida.

Exactech argues that the place of the alleged wrong is either Tennessee, where the Device was implanted, or Florida, where the Device was designed, as opposed to Texas, where the Device allegedly failed. ECF No. 17 at 12. The location of the alleged wrong in a products liability case is principally where the defendant designed and manufactured the allegedly defective Device. *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 776 (E.D. Tex. 2000) ("[T]" the location of the *accident* revealing the allegedly defective product is a red herring for transfer analysis in cases where the plaintiff is suing for the allegedly defective *design and manufacture* of the product."). Exactech argues, though not in this section, that it designed the Device in Florida. ECF No. 17 at 13. Therefore this factor favors transfer to Florida.

### F. The possibility of delay and prejudice if the case is transferred is neutral.

The Fifth Circuit recognized "that in rare and special circumstances a factor of 'delay' or of 'prejudice' might be relevant in deciding the propriety of transfer, but only if such circumstances are established by clear and convincing evidence." *In re Horseshoe Entm't*, 337 F.3d at 434. Exactech argues that delay or prejudice is unlikely, as the lawsuit is in such earlier stages that the Court has not yet entered a scheduling order. ECF No. 17 at 14. This factor is neutral and does not favor transfer or weigh against transfer.

## II. The public interest factors favor transfer.

Of the public interest factors, one weighs in favor of transfer to Tennessee, one weighs against transfer to Tennessee, and the other two factors are neutral.

### A. The administrative difficulties flowing from court congestion are neutral as to transfer to Florida and weigh against transfer to Tennessee.

Exactech argues that the Northern District of Texas is much more congested than the Eastern District of Tennessee and slightly more congested than the Northern District of Florida, as

7

the Northern District has a higher number of cases than the other two districts. ECF No. 17 at 14–15 (citing Federal Court Management Statistics—Profiles, United States Courts (June 30, 2017), http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0630.2017.pdf). But congestion is better measured by the median time of civil proceedings in the two locations, not simply by the number of cases pending. *See Watson v. Fieldwood Energy Offshore, LLC*, 181 F. Supp. 3d 402, 412 (S.D. Tex. 2016) (noting that "[i]n analyzing this factor courts often consider the median time interval from case filing to disposition" and finding that a median time of 34.6 months compared to 21.3 months constituted a significant difference). As of June 2017, the District of Tennessee had a significantly higher median time of 12.7 months from filing to disposition in civil cases than the Northern District of Texas did at 7.3 months. Federal Court Management Statistics—Profiles. Florida, on the other hand, has a civil case median time of 7.4 months, which is almost the same median time as the Northern District of Texas. *Id.* As the current venue is less congested, this factor is neutral as to transfer to Florida and weighs against transfer to Tennessee.

### B. The local interest in having localized interests decided at home favors transfer to Tennessee.

This factor considers whether any venue has connections to the events that gave rise to the suit. *In re Volkswagen of Am.*, 545 F.3d at 318. Exactech submits that Tennessee or Florida have a stronger local interest than Texas because Dr. Covino resides and practices medicine in Tennessee and it would be an imposition upon jurors in Texas to have to hear the trial of a case in which Texas had very little local interest. ECF No. 17 at 15. In addition, though not argued by Exactech, the Court notes that Brown is a Tennessee resident. ECF No. 1 at 2. All three of the possible venues have some connection to the events that give rise to the suit, whether it be the Device's design in Florida, the Device's implantation in Tennessee, or the Device's alleged failure in Texas. On balance, though, this factor favors transfer to Tennessee.

## C. The familiarity of the forum with the law that will govern the case is neutral.

This factor is the only one that Brown disputes. ECF No. 21 at 1. Exactech argues, without providing substantial legal support, that Brown's substantive claims "are based on and governed by the product liability law of Tennessee, where the subject device was sold to him and implanted in his hip." ECF No. 17 at 16. Yet Exactech previously argued that the alleged wrong potentially occurred in Florida, where it designed the Device. *Id.* at 12. Brown, for his part, is concerned that a finding that Tennessee or Florida law governs this case will cause his case to be dismissed under the shorter statutes of repose in those states. ECF No. 21 at 2. He argues that Texas state law should govern as he filed the suit in Texas, and that both Texas's choice-of-law rules and tort law should apply. *Id.* at 6–9.

The undersigned disagrees that choice of law should be decided in a motion to transfer venue for the convenience of the parties, particularly where one party, Exactech, has not briefed the issue. Neither party has conclusively proven which state's law should apply to this case. Any federal court will be equally able to determine which state's law applies to this case, but the undersigned declines to make a finding or recommendation to that effect. As a result, this factor is neutral. *See X Techs., Inc. v. Marvin Test Sys., Inc.*, CIV.A.SA-10-CV-319-X, 2010 WL 2303371, at *7 (W.D. Tex. June 7, 2010) ("Without additional evidence, the Court is reluctant to declare conclusively that Texas law applies to this case. Because of this ambiguity, the Court finds that the factors of familiarity of governing law and avoidance of conflict-of-law, as well as the factor of local interest in resolving the dispute and jury burden, are neutral.").

## D. The avoidance of unnecessary problems of conflict of laws or in the application of foreign law is neutral.

The parties make no argument concerning problems of conflict of laws or foreign law in this case. This factor is neutral.

# CONCLUSION

Brown does not dispute the appropriateness of transfer in his response to the Motion to Transfer. Exactech has proven by a preponderance of the evidence that this Court is not the most convenient venue for the parties or for the witnesses. After considering the arguments of the parties and applying the appropriate factors, the undersigned concludes that for the convenience of the parties and witnesses and in the interest of justice, the case should be transferred to Tennessee. The undersigned therefore **RECOMMENDS** that Judge O'Connor **GRANT** Defendant's Motion to Transfer Venue (ECF No. 17) and transfer this case to the United States District Court for the Eastern District of Tennessee.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed December 8, 2017.

                                                            _____
                                                            Hal R. Ray, Jr.
                                                            UNITED STATES MAGISTRATE JUDGE