UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| **ROBERT BROWN,** | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | NO. 3:17-cv-00555 |
| | ) | REEVES/GUYTON |
| **EXACTECH, INC., and** | ) | |
| **EXACTECH US, INC.,** | ) | |
| | ) | |
| *Defendants*. | ) | |

### MEMORANDUM OPINION AND ORDER

In June 2016, Robert Brown stepped out of his vehicle, and the femoral stem of his left hip implant broke in half. In August 2017, Brown brought this products-liability suit against the implant's manufacturer, Exactech, Inc., and its subsidiary Exactech US, Inc. (collectively "Exactech"), in the United States District Court for the Northern District of Texas. Exactech filed a motion for judgment on the pleadings [D. 22] in October 2017. Brown responded to the motion [D. 25], and Exactech replied [D. 27].

In December 2017, the case was transferred to this Court. Exactech then filed an amended motion for judgment on the pleadings, or, in the alternative, to dismiss [D. 44]. Brown responded [D. 45], and both pending motions are now ripe for adjudication. For the reasons that follow, Exactech's motions for judgment on the pleadings will be denied.

## I. BACKGROUND[1]

On September 14, 2001, Robert Brown underwent a total arthroplasty of his left hip. During the procedure—performed by Dr. Brian Covino in Tennessee—an AcuMatch M-Series Femoral Stem ("the Device") was implanted in Brown's hip. The Device was designed, manufactured, and distributed by Exactech, a Florida corporation. Prior to the surgery, Dr. Covino was advised by Exactech that the Device had an expected lifespan of 15-20 years and that the femoral stem should never fail. Dr. Covino relayed this information to Brown, who then elected to have the surgery. After the procedure, Brown went about his life in a normal fashion.

In May 2016, Brown relocated to Fort Worth, Texas. On June 5, 2016, as he was exiting his vehicle, the femoral stem of the Device broke in half. Brown was hospitalized and had to undergo a total hip revision surgery. Brown was released from the hospital on June 12, 2016. At some point thereafter, but prior to filing this suit, he moved back to Tennessee.

On August 24, 2017, Brown filed this products-liability action against Exactech in the Northern District of Texas, bringing claims for negligence, failure to warn, design defect, manufacturing defect, fraud, negligent misrepresentation, breach of express warranty, and breach of implied warranty of merchantability. In September 2017, Exactech moved to transfer the case to a district court in either Tennessee or Florida, pursuant to 28 U.S.C. § 1404(a) [D. 17]. Brown agreed that a venue transfer may be appropriate, but asserted that the transferee court should still apply Texas state law [D. 21]. In October 2017, Exactech filed a motion for judgment on the pleadings [D. 22], on grounds that Brown's claims are time-barred by the applicable Texas statute of repose. Brown responded in opposition [D. 25], and Exactech replied [D. 27].

---

[1] The factual summary is based on the allegations contained in Brown's complaint, which, for purposes of ruling on Exactech's motions, are construed and stated in the light most favorable to Brown.

On December 28, 2017, Exactech's § 1404(a) motion was granted, and the case was transferred to this Court for further proceedings [D. 31, 32]. On March 29, 2018, Exactech filed an amended motion for judgment on the pleadings or, in the alternative, to dismiss [D. 44], to which Brown responded [D. 45]. Exactech's two motions are now before the Court.

## II. LEGAL STANDARD

The standard of review for a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is the same as that for a motion to dismiss under Rule 12(b)(6). *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001). The purpose of a motion under either rule is to test the sufficiency of the complaint, which must articulate a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 8(a). When ruling on a Rule 12(b)(6) or 12(c) motion, a court must view the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations in the complaint as true. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Where it is apparent on the face of a complaint that the suit is time-barred—and where there is no genuine factual controversy as to the availability of the statute of limitations defense—judgment on the pleadings in favor of the defendant is proper. *Phelps v. McClellan*, 30 F.3d 658, 662 (6th Cir. 1994) *Rohner v. Union Pac. R. Co.*, 225 F.2d 272, 274 (10th Cir. 1955); *Craig v. W. & S. Indem. Co.*, 119 F.2d 591, 592 (6th Cir. 1941). But if ruling on the affirmative defense requires reliance on matters and factual determinations outside the pleadings, further discovery may be warranted, and dismissal under either 12(b)(6) or 12(c) is inappropriate. *See, e.g.*, *Lockhart v. Holiday Inn Exp. Southwind*, 531 F. App'x 544, 547 (6th Cir. 2013) (holding that the district court erred in dismissing plaintiff's claims based on an affirmative defense because the record was in-

3

sufficiently developed); *Pfeil v. State St. Bank & Tr. Co.*, 671 F.3d 585, 599 (6th Cir. 2012), *abrogated on other grounds by Fifth Third Bancorp v. Dudenhoeffer*, 134 S. Ct. 2459 (2014) ("Courts generally cannot grant motions to dismiss on the basis of an affirmative defense unless the plaintiff has anticipated the defense and explicitly addressed it in the pleadings.").

### III. DISCUSSION

The Court must first address the issue of which state law controls in this case. In his motions for judgment on the pleadings, Exactech contends that Brown's suit is time-barred by the applicable statute of repose, regardless of whether the Court applies the substantive law of Texas or Tennessee. In response, Brown says that Texas law applies, and that his case is not time-barred due to several exceptions to the Texas statute of repose.

As to the choice-of-law issue, Brown is correct. Ordinarily, a federal court sitting in diversity must apply the substantive law, including choice-of-law rules, of the state in which it sits. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 65 (2013). But the Supreme Court has recognized an exception to this rule in cases where the suit is transferred between venues under 28 U.S.C. § 1404(a). In this situation, the state law applicable in the original court also applies in the transferee court, regardless of which party made the § 1404(a) motion. *Id.* "A transfer under § 1404(a), in other words, does not change the law applicable to a diversity case." *Ferens v. John Deere Co.*, 494 U.S. 516, 531 (1990); *Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964) ("A change of venue under § 1404(a) generally should be, with respect to state law, but a change of courtrooms."). Because venue was proper in the Northern District of Texas where Brown initially filed suit, the substantive law of Texas applies to this case, regardless of the current venue.

In Texas, statutes of repose are substantive matters. *FDIC v. Lenk*, 361 S.W.3d 602, 608-09 (Tex. 2012); *Jefferson State Bank v. Lenk*, 323 S.W.3d 146, 147 n.2 (Tex. 2010). The applicable

4

statute in this case provides that "a claimant must commence a products liability action against a manufacturer or seller of a product before the end of 15 years after the date of the sale of the product by the defendant." Tex. Civ. Prac. & Rem. Code Ann. § 16.012(b). Because a statute of repose provides an absolute affirmative defense, the defendant bears the burden of proving all factual requisites of that defense. *Salgado v. Great Dane Trailers*, 2012 WL 401484, at *3 (S.D. Tex. Feb. 6, 2012); *FDIC v. Lenk*, 361 S.W.3d at 609. For this reason (and despite Exactech's assertions to the contrary), Brown need not plead an exception to the statute of repose in his complaint. *See, e.g.*, *Twin City Fire Ins. Co. v. Hartman, Simons & Wood, LLP*, 609 F. App'x 972, 978 (11th Cir. 2015) ("[A] plaintiff's complaint need not anticipate and counter affirmative defenses."); *Tregenza v. Great Am. Commc'ns Co.*, 12 F.3d 717, 718 (7th Cir. 1993) ("The statute of limitations is an affirmative defense, and a plaintiff is not required to negate an affirmative defense in his complaint.").

Exactech says that Brown's suit is time-barred because the Device was implanted on September 14, 2001, but Brown didn't file his complaint until August 24, 2017. Assuming that the implantation triggered the running of the statute of repose, as Exactech contends, the period of repose would have expired on September 14, 2016, nearly one year before Brown initiated this suit. In response, Brown does not dispute Exactech's characterization of the date of "sale" or the fact that the limitations period expired before he filed his complaint.[2] Nevertheless, Brown says that his suit is not time-barred due to several statutory and non-statutory exceptions to the statute of repose.

---

[2] The Texas Supreme Court has not defined "date of sale" under § 16.012(b). *See Dalfrey v. Boss Hoss Cycles, Inc.*, 456 F. App'x 329, 333 (5th Cir. 2011) (interpreting the meaning of "date of sale" in § 16.012(b) and noting the absence of state court guidance). The operative date of sale is particularly unclear in the context of this case—a products-liability action wherein the product was "sold" to the plaintiff only indirectly. But because Brown does not dispute Exactech's characterization of the implantation as the date of sale, the Court need not decide this issue.

Brown first says that the express warranty exception to the products-liability statute of repose, found in § 16.012(c), applies in this case:

> If a manufacturer or seller expressly warrants in writing that the product has a useful safe life of longer than 15 years, a claimant must commence a products liability action against that manufacturer or seller of the product before the end of the number of years warranted after the date of the sale of the product by that seller.

Tex. Civ. Prac. & Rem. Code Ann. § 16.012(c). In considering motions for summary judgment, courts have held that once a defendant has established that the statute of repose applies, the plaintiff bears the burden of establishing that it does *not* apply under § 16.012(c) or some other exception. *See, e.g.*, *Sears, Roebuck & Co. v. Tyco Fire Prod. LP*, 833 F. Supp. 2d 892, 900 (N.D. Ill. 2011) (holding that the Texas statute of repose barred plaintiffs' claim where, in response to a motion for summary judgment, plaintiffs offered no evidence to suggest that defendants made an express written warranty); *White v. Cone-Blanchard Corp.,* 217 F.Supp.2d 767, 775 (E.D. Tex. 2002) (same); *Brooks v. CalAtlantic Homes of Tex., Inc.*, 2017 Tex. App. LEXIS 9466 (Tex. Ct. App. Oct. 9, 2017) (holding that once a defendant establishes a statute of repose defense, the plaintiff, in order to defeat summary judgment, must produce evidence to raise a question of fact on counter-affirmative defenses). But this burden shifting—and the fact-intensive analysis that it may require—is less appropriate on a motion for judgment on the pleadings or a motion to dismiss.

The Sixth Circuit has stated that it is "reluctant to dismiss complaints based on affirmative defenses at the pleading stage and before any discovery has been conducted." *Lockhart v. Holiday Inn Exp. Southwind*, 531 F. App'x 544, 547 (6th Cir. 2013). Accordingly, a district court should grant a 12(b)(6) or 12(c) motion on the basis of an affirmative defense only where the undisputed facts contained in the plaintiff's complaint conclusively establish the defense and no genuine factual controversy exists as to its availability. *Estate of Barney v. PNC Bank, Nat. Ass'n*, 714 F.3d

920, 926 (6th Cir. 2013); *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 613 (6th Cir. 2009). *See also Twin City Fire Ins. Co. v. Hartman, Simons & Wood, LLP*, 609 F. App'x 972, 977 (11th Cir. 2015) (holding that the district court erred in dismissing a suit based on factual determinations not evident in the complaint because the plaintiff "was under no obligation to anticipate the affirmative defense ... and to include factual allegations responsive to that defense"); *Rohner v. Union Pac. R. Co.*, 225 F.2d 272, 274 (10th Cir. 1955) (noting that "[a]lthough there is considerable authority that the defense of statute of limitations may not be raised upon a motion to dismiss for the reason it is an affirmative defense ... such issue may be resolved upon a motion to dismiss where it is apparent there is no genuine factual controversy as to the availability of such affirmative defense").

In this case, Brown's complaint states that "Dr. Covino was advised, directly or indirectly, by Defendants, their agents[,] or employees, that the device would have the expected life span of 15-20 years," and that Dr. Covino relayed this information to Brown [D. 1, at 10]. The complaint does not explicitly state that a *written* express warranty was ever given or received. But, as discussed, Brown was not required to anticipate and counter the statute of repose defense by specifically pleading an exception. And construing the complaint in the light most favorable to Brown, the Court finds that it is not definitively ascertainable that no written warranty was given. It is possible that Dr. Covino was "directly" advised of the Device's lifespan in writing. (In fact, in his response to Exactech's motion for judgment on the pleadings, Brown specifically avers that this was the case [D. 25, at 7].) But, ultimately, the issue of whether a written express warranty exists is one of fact, which cannot be determined at this stage of the litigation and without at least some discovery on the issue. For this reason alone, Exactech's motions for judgment on the pleadings must be denied. This does not definitively mean that Brown's complaint was timely filed; only that the record is insufficiently developed to enable the Court to presently make this determination.

## IV. CONCLUSION

Because Brown's first counter-affirmative defense raises a factual issue that is inappropriate for adjudication on a motion for judgment on the pleadings or a motion to dismiss, Exactech's motions will be denied. The Court need not reach the remainder of Brown's arguments regarding the statutory exception under § 16.012(d) and various constitutional and equitable considerations, as these arguments are also better suited for determination after further development of the factual record, either at trial or on a motion for summary judgment.

The Court further notes that Exactech has failed to comply with the Court's meet-and-confer requirements. The day after the case was transferred to this Court, the Honorable Thomas A. Varlan, Chief District Judge for the Eastern District of Tennessee, issued an order setting forth the requirements that must be certified prior to filing a motion to dismiss:

> [A] motion to dismiss ***must*** be accompanied by a notice indicating that the parties have conferred to determine whether an amendment could cure a deficient pleading, and have been unable to agree that the pleading is curable by a permissible amendment.
>
> MOTIONS TO DISMISS THAT DO NOT CONTAIN THE REQUIRED CERTIFICATION ARE SUBJECT TO BEING STRICKEN ON THE COURT'S MOTION.

[D. 37 (emphasis added)]. Exactech's amended motion for judgment on the pleadings, or, in the alternative, *to dismiss* [D. 44] was filed several months later, and did not contain the required certification. Accordingly, Exactech's amended motion is also subject to dismissal on this basis. For the foregoing reasons, both of Exactech's motions for judgment on the pleadings [D. 22, 44] are hereby **DENIED**.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**